## ANNA KRAJCI, v. STEVE KRAJCI

25 So. (2nd) 380                  January Term, 1946
March 22, 1946                    Division A

*Cohen & Goodlett,* for appellant.
*Johnson & Johnson,* for appellee.

CHAPMAN, C. J.:

It appears by the record in this cause that a decree of divorce was entered on April 27, 1945, in the Circuit Court of Palm Beach County, Florida, in favor of Steve Krajci against Anna Krajci, his wife. Service on Anna Krajci was acquired by publication. Some five or six months thereafter, on towit, October 14, 1945, Anna Krajci through counsel moved the court to vacate and set aside the final decree largely upon the ground that the affidavit on which the order of publication was based failed to comport with the several provisions of Section 48.04, Fla. Stats. 1941 (FSA).

The motion to vacate and set aside the final decree was presented by counsel for the respective parties to the court below, and, after hearing argument, the court reached the conclusion that the motion to vacate and set aside the final decree should be denied and entered an order accordingly. From this order an appeal was perfected here within the sixty days' period. Briefs have been filed by counsel in support of the contentions of the respective parties.

Confronting us at the threshold of this controversy is a question of the jurisdiction of this Court to hear and determine the issues presented. Subsection (a) of Rule 34 provides:

"Rule 34. Interlocutory Appeals by Certiorari. (a) Interlocutory Appeals to be by Certiorari.—All appeals from interlocutory decrees as authorized by statutes including orders or decrees *after* final decree, shall be prosecuted to this court by certiorari in the manner provided by the rules relating to the constitutional writ of certiorari. This rule shall not preclude the review of such orders and decrees on final decree, if found more expedient." (Emphasis supplied).

It is our view that the challenged order should be reviewed by petition for interlocutory certiorari and *not* by appeal. Therefore the Court *ex mero mortu* dismisses the appeal.

It is so ordered.

TERRELL, BUFORD and ADAMS, JJ., concur.